187 La. 914

### SALLES v. SALLES.

### No. 34302.

Supreme Court of Louisiana.

June 21, 1937.

Alex. W. Swords, of New Orleans, for appellant.

Joseph F. Monie and James J. Landry, both of New Orleans, for appellee.

O'NIELL, Chief Justice.

This is a suit for divorce on the ground of adultery, or, in the alternative, for a decree of separation from bed and board, on the ground of cruel treatment. The defendant denied the accusations, and, by way of a reconventional demand, asked for a decree of separation from bed and board, on the ground of cruel treatment. Both parties asked for the care and custody of their child, a girl seven years of age. After hearing the evidence, the judge rejected the plaintiff's demands and gave judgment for the defendant on her reconventional demand for a separation from bed and board, and for the care and custody of the child. She is in a convent, and is properly provided for by her father. The mother admits that. In fact, the quarrel between the parents does not center around the authority over the child.

■ On the main demand of the appellant, as well as on his alternative demand, the only question is whether the evidence is sufficient to condemn the wife. The principal witness against her was the co-respondent. The judge did not believe his testimony; and, although there is some

testimony tending to corroborate it, we also find it incredible. Such testimony, of course, is discounted by the fact that the witness is the corespondent. It is discredited in this instance also by the fact that the places where the witness said the offense was committed, in broad daylight, are very conspicuous, public places. And the testimony is flatly contradicted by the defendant. There are some admissions of unconventionalities, and perhaps indiscretions, on the part of the defendant; but the very frankness of her admissions carries conviction that they are the whole truth. In a case like this, depending only upon questions of fact, and of the credibility of the witnesses, it serves no purpose whatever to publish an analysis of the testimony. It is sufficient to say that, after a careful study of the case, we find that the plaintiff has failed to prove either the charge of adultery or the charge of cruel treatment on the part of his wife.

On the other hand, we find that the defendant has proved that the plaintiff was guilty of cruel treatment, to the extent that her living with him became intolerable. His reputation for sobriety during business hours is very good. He is an electrician, and works hard and abstains all day from drinking intoxicants; but, during the last year of his occupying the same house with his wife, he frequently went home very late and very much angered by the effect of hard drinking. He was not often very drunk, but drunk enough to be cruel to his wife, and to humiliate her in the sight and hearing of her neighbors. On several occasions he treated her so cruelly that she had to find refuge at the home of one or another of her sisters; where he would go afterwards and persuade her to return to her home. On at least one occasion she had to call in the police and have him arrested for maltreating her. The policemen testified that when they arrested him he was under the influence of liquor. And the testimony given by the neighbors leaves no doubt that the plaintiff's treatment of his wife during his angry moods was cruel and humiliating. We concur, therefore, in the judge's finding that the wife is entitled to the decree of separation from bed and board.

In his judgment the judge retained jurisdiction for the purpose of fixing the alimony to be allowed the defendant and her child. That was justified, of course, because a decree of separation from bed and board does not dissolve the marriage, and in fact may never result in a divorce. It appears also that the order giving to the wife the custody of the child was not a permanent order, and is subject to such change or modification as may be made at any time before a divorce is granted.

The judgment is affirmed.