PONDER, Justice.
 

 Allie Landreneau, nee Veillon, obtained a divorce from her husband, Alicide Landreneau, on August 1, 1942, on statutory-grounds. The custody of their minor child, Winton Landreneau, was awarded to the divorced husband, reserving the wife’s rights to claim the custody of the child at any time that she became able to take care of it. She consented to the temporary custody of the child being awarded to the divorced husband on account of her inability to support the child at that time out of the small earnings she was making. She did not ask for any alimony and none was awarded. She has since married Harvard McMullen, a member of the United States Army and now stationed in Ireland. On September 26, 1944, she sought to obtain the custody of the child. Upon hearing, the proceedings were dismissed by the lower court. The plaintiff has appealed.
 

 The plaintiff is the mother of an infant child, nine months old, issue of her marriage with McMullen. She now resides with her sister and her sister’s husband at Orange, Texas. Her sister is the mother of two children that live with her. Her sister’s husband works at the shipyards. The appellant is presently earning $50 per week and receiving $80 per month from her husband, who is in the army. While she is at work her sister has been caring for the appellant’s infant child. The house the appellant is now living in is owned by the government and has all modern facilities. The appellant’s sister testified that she was willing to care for the minor, Win-ton, while the appellant was at work. There-is a school and church of their faith in the near vicinity. The appellant testified that at the time she secured the divorce from the appellee she was only receiving a salary of $6 per week and at that time was unable to-support the child. Her rights, however, for the custody of the child were reserved in the decree.
 

 The minor child involved in this suit is-, seven years of age. The appellee is presently residing with his mother in Evangeline Parish and engaged in farming.
 

 The appellant and appellee both bear good 'reputations.
 

 The home of the appellant has more modern facilities, but the home of the appellee appears to be the average farm home in that section of Evangeline Parish. We can not say from the evidence that the child would not be well cared for at either place. The whole question presented is which parent is entitled to the custody of the child under these circumstances.
 

 In the first place, the appellant was entitled to the custody of the child when the divorce was granted on statutory grounds. The mother is entitled to the custody of her child unless it -is shown that she is morally unfit or that it would be a great-
 
 *1063
 
 ■ •er advantage to the child to award its custody to its father. Under the circumstances in this case, where the moral fitness of the mother is not questioned, and it does not appear that it would be a greater advantage to the child, the custody of the child must be awarded to the mother, the appellant herein. This Court has consistently awarded the custody of a minor child to its mother under circumstances as here presented. In fact the jurisprudence on this question is so well settled that it is not necessary to cite authorities. However, see White v. Broussard, 206 La. 25, 18 So.2d 641, 642; Sanford v. Sanford, 208 La. 1073, 24 So.2d 145.
 

 For the reasons assigned the judgment of the district court is reversed and set aside; and the permanent custody of the minor ■child, Winton Landreneau, is now awarded to its mother, Mrs. Allie Veillon McMullen; all costs to be paid by the appellee..
 

 O’NIÉLL, C. J., absent.