PONDER, Justice.
 

 The relatrix, Mrs. Addie K. Morrison, brought these habeas corpus proceedings in the lower court seeking to obtain the custody of her minor child, Clarence Lee Morrison, three years of age, from her husband, Eddard L. Morrison, and the child’s paternal grandfather, Isaac C. Morrison, who now have possession of the child. Upon trial of the proceedings, the lower court
 
 *234
 
 gave judgment vacating and setting aside the writ and awarding the custody of the child to its father, one of the respondents herein. The relatrix has come to us on appeal.
 

 There is now pending in the lower court a suit brought by the relatrix against her húsband for separation on the ground of cruel treatment, wherein she asks for custody of the child. It appears that relatrix separated from her husband on June 4, 1947 and instituted these habeas corpus proceedings two days thereafter. The relatrix is now residing with her mother. The testimony shows that relatrix is a woman of good moral character and that the child would be properly cared for by her at her mother’s home. There is testimony in the record to the effect that the respondent and his father struck the relatrix several times on June 1st before the separation took place on June 4th. The relatrix’s suit for separation is principally based on these purported acts of cruelty on the part of the husband. We find some testimony in the record to the effect that the relatrix left the matrimonial domicile on several occasions taking the child with her. On some of these occasions, she spent two or three days with relatives and, on one or two of such occasions, she spent the entire day in the woods with the child without any food. There is testimony also in the record that the relatrix had on' numerous occasions become angry, refused to cook meals and had abused her husband and neighbors without any provocation. However, there is considerable testimony in the record controverting these facts. We will not go into a detailed analysis of the testimony in view of the fact that a separation suit is now pending and the facts pertinent to it should not be prejudged. However, taking the testimony as a whole, we are convinced that the relatrix has not abused or neglected the child at any time.
 

 From our appreciation of the brief filed and the argument advanced by counsel for the respondents, there is no attack made on the moral character of the relatrix, or the fitness of the home of relatrix’s mother.
 

 Counsel for the respondents takes the position that the relatrix abandoned her child when she left the matrimonial domicile on June 4th. The relatrix’s explanation of why she did not take the child was to the effect that she was afraid to take the child with her because of statements made to her by her husband on prior occasions that he would “beat her up” if she should take the child from the matrimonial domicile. On the next day after she left the matrimonial domicile, she endeavored to legally obtain the custody of the child and these proceedings were instituted only two days after she left the domicile. We find no merit in the contention that she had abandoned the child.
 

 Counsel for the respondents further contends that, because of her absenting herself from the matrimonial domicile and taking the child on the occasions afore mentioned and the other acts testified as afore men
 
 *235
 
 tioned, the relatrix is not entitled to the custody of the child. There is considerable testimony in the record refuting these purported acts of the relatrix as pointed out above. The testimony as a whole does not support these contentions.
 

 We recently reviewed the jurisprudence of this State and affirmed the rule that the mother is always given preference to the custody of a child of tender age unless she is shown to be morally unfit or incapable of properly caring for the child. Willis v. Willis, 209 La. 205, 24 So.2d 378.
 

 For the reasons assigned, the judgment of the lower court is reversed and set aside; the custody of the minor, Clarence Lee Morrison, is awarded to his mother, Mrs. Addie K. Morrison. The writ is reinstated and made peremptory. All costs to be borne by the respondents.