**35 So.2d 415**

## STATE ex rel. DIEHL v. DUCOTE.

### No. 38819.

March 22, 1948.

Edward G. Gillin, of New Orleans, for defendant-relator.

Maxwell J. Bordelon, of Marksville, for respondent.

PONDER, Justice.

This matter comes to us on writs of certiorari, mandamus and prohibition.

The respondent divorced the relator in the Parish of Avoyelles on February 2, 1945, on the grounds that they had lived separate and apart for more than two years. The custody of their minor child, Annie Marie Ducote, was awarded to the respondent. The relator, having subsequently remarried and established a domicile in the Parish of Orleans, instituted habeas corpus proceedings in the Parish of Avoyelles seeking to obtain the custody of the child. Upon hearing of these proceedings, the permanent custody of the minor child was awarded to the relator, subject to the privilege of the respondent to visit and have temporary custody of the child at convenient times and without interference with the child's education. Sometime thereafter the respondent instituted the present habeas corpus and contempt proceedings in the Parish of Avoyelles seeking to regain the custody of the child and to have the relator adjudged in contempt of court. The original record in these proceedings, brought up by certiorari, contains only the respondent's peti-

tion, the order of court and a judgment awarding the permanent custody of the child to the respondent. The relator applied for and obtained the exercise of the supervisory powers of this court.

The relator contends that the judgment should be annulled for the reason that citation and service of the proceedings were not made in conformity with law and that the judgment was rendered without giving her a hearing. She advances other grounds for relief. The trial judge has filed a statement of facts since we ordered this case brought up. Without going into his statement in detail, it is sufficient to say that it was his purpose to award the custody of the child on the basis of six months to the father and six months to the mother, in order to give the child sufficient time to determine with whom she wished to live.

We see no reason to go into the various disputes raised in these proceedings for the reason that the judgment must be set aside and the custody of the child awarded to its mother because the mother's fitness is not questioned and no sound reason appears why it would be to the best interest of the child to deprive the mother of its custody.

It is so well settled in the jurisprudence of this State that the mother of a child of tender age is entitled to its custody, unless the mother is unfit or it appears to the greater welfare of the child

to place its custody elsewhere; that it is unnecessary to review our jurisprudence to that effect.

For the reasons assigned, the judgment of the lower court is annulled and set aside. It is now ordered that the permanent custody of the minor child, Annie Marie Ducote, be awarded to the respondent, Cora Mae Avery Diehl. All costs of these proceedings to be paid by the respondent, Moise Ducote.