MOISE, Justice.
This appeal has been prosecuted from a judgment of the district court granting the plaintiff husband a divorce a vinculo matrimonii from the defendant wife on the ground of adultery; granting him the permanent care, custody and. control of their three-year old daughter; dissolving the community of acquets and gains and ordering a partition thereof; enjoining the defendant from styling herself “Mrs. Wendel M. Meyer”; dismissing defendant’s reconventional demand for a separation from bed and board; and disallowing the defendant’s attorneys’ fees prayed for in connection with the said reconventional demand.
Inasmuch as we have concluded that the major consideration for determination on the charge of adultery is the sufficiency of the- evidence adduced, we submit the following facts of substance: The record shows that the plaintiff’s brother and three men companions on the night of August 25, 1949, waited in an automobile, which was parked near the residence of plaintiff and defendant, for the arrival of a mysterious “someone” at that residence, the plaintiff being absent and away at the time. At about 9:40 p. m. a taxi cab stopped at the street corner down from the residence, which was in the middle of the block. We are not told to whom or to what company this cab belonged, nor are we given the license number of the cab, nor did the driver of the cab ever appear to testify in these proceedings. It is said that this man alighted from the cab and went into a common alley between the residence of plaintiff and defendant, and the house next door. The -four observers remained in the parked automobile until 4:18 a. m. the next morning, when they say they saw a man whom they believed to be *755 the same individual come out of the residence of plaintiff and defendant. It may be noted that the residence is of the type known as a double house, and that plaintiff and defendant occupied one side thereof. It did not occur to the four “observers” to follow this person whom they say left the house, nor did they observe the name or number of the taxi cab in which they claim he departed, nor was the driver of this cab produced. It is also worthy of note that this was the only time the plaintiff’s brother had ever requested any one to “watch” with him. and. further that it was the only time which he admitted having “watched” himself. This, then, is the charge of adultery.
Any. attempt to go into the credibility of the witnesses would be a vain and useless thing, because the issue here is the sufficiency of the evidence. We have thoroughly reviewed the pleadings and analyzed the testimony adduced at both the trial on the merits and the antecedent rule for the custody of the child, and no intricate legal question being involved, a proper determination of the case merely requires a correct, appreciation of the conclusiveness of the evidence.
In many of the common law states adultery has been made a criminal offense. In Louisiana we have no such statute, but the charge is semi-criminal, before the wife can be stigmatized, the proof of adultery should be so clearly and conclusively shown, that there is no practical theory under which she could be innocent, when all of the evidence is considered together. Salles v. Salles, 187 La. 914, 175 So. 618; Clark v. Clark, 207 La. 606, 21 So.2d 758 are cases bearing on sufficiency of proof. We submit that an ounce of analysis as. to what has been said by the witnesses is worth more than a smokehouse full of theories as to the proof of the charge-Here a young woman has been stigmatized an adulteress, and it is a far graver thing-to brand a' woman an adulteress than to. brand a man an adulterer, because he, being the grosser animal, is not so amenable to shame when thus convicted as the hapless woman. “A coat of black paint will ruin a marble Venus, but has no appreciable effect on an iron Hercules.” Men regard such lapses as venial, but women regard such lapses on the part of their sex as a mortal sin.
With regard to defendant’s reconventional demand for separation from bed and board from the plaintiff on grounds of cruel and inhuman treatment, she has-alleged several acts, some of which are proven by the very testimony of the plaintiff and others by the testimony of third parties. The acts complained of and substantiated in the record either by external prpof or admissions of the plaintiff are: habitual arguing and cursing on his part;, boasting of adultery with a woman on Magazine Street in New Orleans (he later denied the act, though he admitted the boast); jealous accusations of infidelity *757 (he admitted that he was constantly trying to trap his wife into an admission of such unfaithfulness) ; giving their infant daughter beer to drink, particularly when this was contrary to Mrs. Meyer’s religious training; finally, abandoning the wife. Taken together, these acts constitute sufficiently cruel treatment' on the part of the husband to justify a judgment of separation from bed and 'board in favor of the wife. Art. 138, par. 3, S, R.C.C.
In Salles v. Salles, [187 La. 914, 175 So. 618] supra, the husband instituted action for the divorce. The syllabi read: “1. In suit for divorce, testimony of husband and corespondent was insufficient to prove adultery or cruel treatment on the part of the wife.” "2. In suit for divorce, testimony in support of reconventional demand of wife for decree of separation from bed and board, that husband frequently became intoxicated and subjected wife to cruel treatment was sufficient to justify decree of separation from bed and board.”
Having reached the conclusion that the wife is entitled to a separation from bed and board on her reconventional demand, we must consider that part of the decision which awarded the care, custody and control of the three-year old girl to the father. The record disclosed that there is nothing objectionable to the wife’s character except the unproven charge of adultery upon which this suit was instituted. In fact, the evidence preponderates that she bears an excellent reputation for morals, being a devoted worker in the church of her affiliation, and further that she has been a good mother. This testimony is conclusive and is not refuted by any of the plaintiff father’s witnesses. To deprive a mother of her child, her moral unfitness must be clearly proved. From the evidence adduced it is our conclusion that it would better promote the general welfare of the child for her to remain in the custody and control of her mother..
For the reasons assigned, the judgment of divorce on the grounds of adultery is reversed, annulled and set aside; and
It is now ordered that there be judgment in reconvention in favor of the defendant, Mrs. Merl Hackler Meyer, granting her a separation' from bed and board, dissolving the community of acquets and gains between them, and awarding Mrs. Merl Hackler Meyer the permanent care, custody and control of her minor daughter, Wendelyn; and
It is further ordered that these proceedings be remanded to the district court for a decision on the question of alimony for Mrs. Merl Hackler Meyer and her child, and reserving the right of action to sue for attorneys’ fees as the law directs; plaintiff to pay all costs of these proceedings, all other costs to await the final disposition of the case.
LE BLANC, J., concurs with written reasons.