64 So.2d 4

LINER v. LINER.

No. 40582.

Feb. 16, 1953.

Rehearing Denied March 23, 1953.

Harvey G. Fields, Farmersville, for plaintiff-appellant.

Ragan D. Madden, Ruston, for defendant-appellee.

FOURNET, Chief Justice.

The plaintiff, John William Liner, obtained a judgment of divorce from his wife, Pearl Hodges Liner, on the ground of two year separation; the child born of the said union, then twenty months old, was, however, awarded to the mother, the plaintiff being given the right "to visit and be with said minor child at any and all reasonable times," and he is appealing from the lattetr part of the judgment, contending that he is entitled to custody of the child for the reason that he is in a better financial condition to support it, and, in the alternative, that the court's judgment should be reformed so as to specifically set a fixed place and time for his visits.

■ Under the well settled jurisprudence of this Court the right of the mother to the custody of the minor child is paramount to that of the father, except in those cases where she is found to be morally unfit or where, in very exceptional instances, she is found to be incapable of taking care of the child. See White v. Broussard, 206 La. 25, 18 So.2d 641, and cases cited therein; Willis v. Willis, 209 La. 205, 24 So.2d 378; State ex rel. Morrison v. Morrison, 212 La. 463, 32 So.2d 847; State ex rel. Diehl v. Ducote, 213 La. 641, 35 So.2d 415; Sampognaro v. Sampognaro, 215 La. 631, 41 So.2d 456; Meyer v. Hackler, 219 La. 750, 54 So.2d 7; and Ane v. Ane, 220 La. 345, 56 So.2d 570.

■ An examination of the record in this case discloses a complete lack of evidence as to the mother's unfitness as well as absence of any allegation that the mother is in any manner an unsuitable person. There is clearly no merit in appellant's claim that the trial judge should have permitted questions by which his counsel sought to cast doubt on the legitimacy of a child born to appellee by a previous marriage, since such evidence could have no bearing on her present fitness. See State ex rel. Henry v. Lyons, 139 La. 273, 71 So. 507; cf. State ex rel. Martin v. Garza, 217 La. 532, 46 So.2d 760. Appellant's argument that the trial judge erroneously admitted and considered the unsworn report of the Juvenile Probation Officer avails him nothing, since the record, stripped of this report, is barren of any evidence which would render the mother unfit.

■ Appellant's contention that the Court should reform the judgment so as to specifically fix a time and place for his visits to the child, or, if necessary, should

remand the case to the district court for readjustment of the decree, does not impress us. He has cited no authority supporting his contention, simply arguing that it is futile to say that the father has the right to be with and visit the child at any and all reasonable times when the evidence shows that the mother would not comply. In the first place, the evidence does not support his contention; in the second place, there is no evidence giving any facts of what would be reasonable or unreasonable in this particular case. The suggestion that the case be remanded to establish such facts is not warranted, since such procedure may be initiated at any time that the plaintiff feels he is being denied a reasonable right to see his child.

For the reasons assigned, the judgment appealed from is affirmed.