HARDY, Judge.
This suit was initiated as an action for divorce, a vinculo matrimonii, by plaintiff husband on grounds of adultery. Judgment as prayed for was rendered in fa *808 vor of plaintiff on February 27, 1957. This judgment awarded the care, custody and control of Jerry Glenn O’Pry, the eleven-month old son of the parties, to the plaintiff father.
The present action by rule, seeking modification of the custody decree, was filed by the mother of the minor child in October, 1963. Plaintiff in rule prayed that the judgment of February 27, 1957, be amended to award permanent custody and control of the minor child to the mother; ■alternatively, that the mother be granted the custody of the minor child during the school year, or, further in the alternative, that she be awarded the custody of the •child during the summer months, and that visitation rights be fixed for a specified time during each month of the year.
After trial of the rule there was judgment amending the original judgment of February 27, 1957, to the extent of granting the mother the right to see and visit her minor child, Jerry Glenn O’Pry * * * “at reasonable times, places and hours.” Otherwise, the rule was recalled ■and petitioner’s demands rejected. From this judgment plaintiff in rule has appealed.
The facts established on trial of the rule were that subsequent to the judgment of •divorce of 1957 the divorced wife gave birth to a child born of the relationship with one of the corespondents named in plaintiff’s petition, whom she later married. Since the divorce the minor, Jerry Glenn O’Pry, who was eight years of age on March 10, 1964, with the exception of one school year and other periods for brief intervals of time, during which the child was with his father, has been cared for by its paternal grandparents, who lived in Buras for several years following their son’s divorce and who are now living in Oil City, Caddo Parish. For a period of time following the divorce, the father lived with his parents and minor child in Buras; after his remarriage, he lived next door until his parents removed to Oil City, and he now resides in New Orleans. The record is clear on the point that despite the fact that his parents have the care of his minor son, the father at all times has maintained a close relationship with the child and has been diligent in overseeing his care and well-being.
On this appeal counsel for plaintiff in rule urges error on the part of the district judge in failing to hold that the grandparents in this case should be regarded as third persons under the law; in failing to conform to the jurisprudence which establishes the preference of the mother with respect to the custody of minor children, and, finally, in failing to award specific visitation rights.
We find no support for the contention that the grandparents in this case should be considered as third persons. This proceeding constitutes a contest between the mother and father of the minor child for his custody. No contention is made as to the correctness of the original award of custody to the father. The record establishes the fact that for several years, indeed, up until approximately a year, more or less, prior to the filing of this rule, the mother gave little, if any, consideration to the welfare of her minor son. Nor did she evidence any particular interest in the child over a period of years. We do not dispute the fact that the mother has now succeeded in establishing a respectable home in which she lives with her husband and their two children. However, it is equally well established that Jerry Glenn O’Pry is, and has been, happy, normal and well adjusted under the legal custody of his father and in the care of his grandparents, who, with love and devotion, have meticulously looked after his welfare.
While it is true that our jurisprudence indicates the inclination of our courts to give preferential consideration and to award custody to the mother, it is also true that this inclination is governed by the facts of each individual case, and is subject, with- *809 m reasonable bounds, to the discretion of the trial judge in making an award of custody, and further tempered by judicial recognition of the ultimate purpose, which is the welfare of the child itself.
Under the circumstances of this case, we think a change in the custody of the child at the present time would imperil his best interest and welfare, and we find no ground upon which to base a conclusion that the district judge has exceeded the discretion with which he is vested in cases of this nature.
With reference to the rights of visitation, it is our opinion that the mother is entitled to the fixing of specific times and periods therefor. The father testified that he had no objection to the fixing of specific convenient periods for the mother’s exercise of this right.
Though the record does not contain direct evidence with respect to the fixing of a time and period for the exercise of the rights of visitation, it does not indicate that any inconvenience would be caused to any of the parties by a specific determination of this point. Accordingly, in order to prevent the delay, inconvenience and expense of remanding this case, we have concluded that it is proper for this court to render judgment on this point, subject, however, to the right of either party in application for rehearing to urge any substantial reasons why such ruling would be the cause of inconvenience to any of the parties involved.
For the reasons assigned, the judgment appealed from is amended, and,
It is now ordered, adjudged and decreed that plaintiff in rule, Bertha Mae Boggs Rainer, be and she is hereby granted the right to have the minor, Jerry Glenn O’Pry, for week-end visits in her family home for the third week-end, from Friday afternoon until Sunday afternoon, of each month with the exceptions of the months of July, August and September, and for the last three weeks of the month of June of each year, and, as so amended, the judgment is affirmed.
Costs of this appeal are taxed against ap-pellee.