SAMUEL, Judge.
This is a habeas corpus proceeding brought by the mother against her divorced husband to obtain custody of four minor children, 4 through 7 years of age, issue of their marriage. Also involved is a second trial and judgment resulting from a petition for change of custody. Although both parties resided in the Parish of Orleans at the time of the second trial and judgment as well as at the time of the filing of the petition for change of custody, neither made or makes any objection to the form of proceeding and the matter was heard and submitted by consent of both.
The litigants were residents and citizens of Cuba at the time of their divorce in Havana on March S, 1959. The divorce judgment granted custody of the children, 3 boys and 1 girl, to the mother, together with alimony for their support, with the provision that when each boy reached the age of 5 years his custody would go to the father. We are advised that this is the usual custody arrangement in that country.
Following the divorce defendant made the required alimony payments with regularity. He then fled Cuba and came to this country. He urged the plaintiff to leave with him with the children but she refused to do so. After arriving in this country he did not pay the alimony for a period of several months. Plaintiff thereupon returned to the Cuban court which, on the basis of defendant’s nonsupport, awarded her full custody of all the children. Subsequently, with financial aid from the defendant, plaintiff went to Florida with her children. Upon arrival she contacted the defendant who, with her permission, returned to New Orleans with the children. Nine months later she moved to New Orleans, obtained work, and filed this proceeding for custody. After a vigorously contested trial the district court awarded custody to the plaintiff on January 23, 1963.
On February 20, 1963, plaintiff, defendant and defendant’s attorney appeared before the trial judge and requested that he sign a consent judgment awarding custody of the three boys to the defendant and custody of the girl to the plaintiff. On the same day plaintiff’s attorney filed a motion to withdraw as counsel. In the motion he stated the defendant had threatened plaintiff with violence, even at gun point, and thus caused her to agree to the consent judgment and to refuse to take his advice. The trial judge signed the motion to withdraw and interrogated the plaintiff, who assured him she had not been threatened and her decision and agreement relative to the proposed judgment were made of her own free will. The trial judge then signed a consent judgment awarding custody as requested.
Approximately ten months later plaintiff filed a petition praying that the consent judgment be set aside insofar as the three boys were concerned and that their custody be awarded to her. The petition alleged her consent had been given to that judgment only as a result of threats made at gun point by the defendant and she had deceived the judge in telling him the contrary. After another vigorously contested trial the district judge awarded custody of the four children to plaintiff. Defendant has appealed.
Under our settled jurisprudence in matters involving the care and custody of children the most important considera *548 tion is the best interest and welfare of the children; an award of custody is always subject to modification or change and whether a judgment awarding care and custody should be modified or changed is a question which addresses itself to the sound discretion of the trial judge. Pepiton v. Pepiton, 222 La. 784, 64 So.2d 3; State ex rel. Bush v. Trahan, 125 La. 312, 51 So. 216.
In the instant case we find, as did the trial judge, that despite their violent opposition on the question of custody, both parents are sincerely interested in the welfare of their children. We also find that there are no differences in the living conditions or other circumstances of either parent which would constitute a sufficient reason for awarding custody to one over the other. There is a great deal of dispute between counsel over the question of whether or not the trial judge found as a fact that plaintiff’s agreement to the consent judgment was obtained through threats of violence and the record is not clear on the point. We deem such a finding by this court as immaterial to our conclusion.
Plaintiff’s appeal is based upon the rule, to be found in the cited cases of Decker v. Landry, 227 La. 603, 80 So.2d 91, Gentry v. Gentry, La.App., 136 So.2d 418, Smith v. Smith, La.App., 141 So.2d 84, and Poitevent v. Poitevent, La.App., 152 So.2d 256, that a judgment awarding the permanent care and custody of children will not be modified unless the party seeking modification proves that the conditions under which the children are living are detrimental to their best interest and also proves that the applicant can and will provide a good home and better environment if awarded such care and custody. In view of the fact that the conditions under which the children are living in the instant case have not been shown to be detrimental to their best interest and that there has been no showing that the plaintiff can or will provide a better environment for them, defendant argues that, under the rule just recited, there can be no modification of the consent judgment. We do not agree with the argument In our opinion the rule is not applicable to the consent judgment in the instant case.
Ordinarily, and this is true in the instant case, a court has little or no alternative but to approve the change in custody requested by the parents. For it is the parents, or at least the one having custody, who must tend to the wants and needs of the children. To attempt to force the parent who is unwilling to accept the responsibilities of custody or at least agreeable to the other parent assuming such responsibilities, and to deprive the willing parent of custody, would almost certainly not be in the best interest of the children. In approving such a judgment the court would not be acting on its own determination of which of two contending parents should be given custody in the best interest of the children. It would be following the only practical course open to it. Here it is the original judgment granting custody to the plaintiff, and not the consent judgment effectively separating the children by awarding custody of the boys to the father and of the girl to the mother, which is the opinion and conclusion of the court. The rule relied on by defendant did not prevent the trial court from changing the consent judgment so as to award custody to the mother and the court did not abuse its discretion in taking such action.
The judgment appealed from is affirmed.
Affirmed.