ELLIS, Judge
This matter was brought before the Family Court for the Parish of East Baton Rouge by a motion for a rule nisi filed May 10, 1965 by Myrtle Elsie Goodwin Bueto Duplantis against her former husband, Rupert Emile Bueto, Jr., seeking to regain the actual custody of the parties’ three children.
For purposes of clarity, Mrs. Duplantis, the mother of the three children, will be referred to as Plaintiff and the father, Mr. Bueto, will be referred to as Defendant.
On May 9, 1958, plaintiff obtained a divorce from defendant and was awarded the permanent care, custody and control of Cynthia Ann Bueto and Richard Charles Bueto. Shortly thereafter a third child, Donna Bueto, was born. The legal custody of Donna has never been judicially established.
In January 1961, plaintiff became ill and required hospitalization and considerable care for a period of approximately four months. She was financially destitute and unable, because of her illness and financial circumstances, to care for the children. Her financial plight was caused in some measure by defendant, who had been convicted of criminal neglect of family, placed on probation and was, nevertheless, delin^ quent in his payments for the support of his children. Defendant claims that his *426 delinquency resulted from his unemployment and there is evidence in the record to substantiate this claim.
Upon being apprised of the situation by Mrs. Walters, whom plaintiff had left in care of the children, and with the latter’s consent, while plaintiff was hospitalized, defendant took the children into his home where they have remained to this time. They have been properly cared for and the evidence establishes that the environment is entirely satisfactory.
No effort was made by the plaintiff to regain the actual custody of the children prior to the filing of the rule in May of 1965 (4% years), though the evidence indicates that in May of 1963 plaintiff remarried and although completely able to ^are for the children, instead, through counsel, worked out a visitation schedule with defendant’s attorney. There is some evidence that she served notice that she did not intend to surrender the permanent care, custody and control of the children. Her actions, however, were to the contrary.
Plaintiff visited the children irregularly during the four and one-half year period. She contends this was partially due to a lack of cooperation on the part of defendant and his second wife, which is denied by both. If her visitation schedule was being interfered with, she took no action whatever to rectify the alleged interference. It evidences a lack of interest and concern for the children on the part of the plaintiff.
The evidence discloses that both plaintiff and defendant have remarried and that both have established homes entirely suitable for the children. Plaintiff now resides in Franklin, Louisiana. Her husband is manager of a loan company at a salary of $600.00 per month plus commissions which normally equal or exceed that amount. There was no effort to prove that the plaintiff is morally unfit or that the home she has established is unsuitable. There is ample evidence to the contrary. She had plans, pending the outcome of this litigation, to move into larger quarters to better accommodate the children, although she waited more than two years after her marriage to claim actual custody which she was able financially and otherwise to have done after her marriage and two years prior thereto by enforcing her rights under the judgment that granted her legal custody.
On the other hand, defendant is a pipe fitter employed at a union wage of in excess of $4.00 per hour. The evidence proves that the children have made a most satisfactory adjustment in defendant’s home, that they are doing well in school and attend church regularly. The court cannot find any cogent reason to favor either the plaintiff or defendant insofar as the evidence relating to environment suitability is concerned other than the complete proof of suitability during more than four years of actual custody by defendant and his wife.
The trial court dismissed plaintiff’s rule and rendered judgment in defendant’s favor, revising the prior judgment and awarding him permanent care, custody and control of the children. In reaching that result, the trial court was impressed with the fact that the children had resided in the father’s home for four and one-half years without any effort on the part of the mother to secure them after the initial four month period of illness and for two years after her second marriage, and the excellent care given the children during these years. We are likewise impressed.
That is, of course, an important consideration. Children should not be uprooted and removed from a satisfactory environment to which they have adjusted to an unproven home unless the reasons for doing so are clear and substantial. O’Pry v. O’Pry, La.App., 163 So.2d 807.
 Considerable discretion is allowed in all custody cases and each must stand on its own facts. The decision of the trial judge is entitled to great weight as it was he who observed the parties and heard the testimony firsthand and has a background *427 of dealing with previous domestic difficulty between the parties.
Nevertheless, there are certain firmly established rules to guide a court in the exercise of its discretion.
Paramount in the decision of any court involving the custody of a minor is the requirement of law and good conscience that the best interest of the child be the court’s sole concern. This doubtless grows out of an all too frequent effort by troubled mates to use the children as a weapon with which to do battle and injury to each other.
As between the mother and father, the former is entitled to preference in custody matters,involving an initial determination, and will be awarded custody unless
“ * * * she is morally unfit or otherwise unsuitable, and it is only in exceptional cases where it is to the greatest advantage of the children that their custody is entrusted to the father.” (Citations omitted.) Tullier v. Tullier, La.App., 140 So.2d 916, at 919.
Hebert v. Hebert, La.App., 159 So.2d 537, involved an effort by the husband to change the custody of children previously granted to the mother. The burden of proof in that situation is set forth at page 539 of that opinion:
“The husband, as the party requesting a change in the custody decree, is required to establish that because of a change in circumstances following the initial decree, the best interest and welfare of the child will best be served by a revision of the custody judgment. Gary v. Gary, La. App., 3 Cir., 143 So.2d 411, 413, certiorari denied, and jurisprudence therein cited.”
The case of Pepiton v. Pepiton, 222 La. 784, 64 So.2d 3, imposes the same burden of proof on the mother seeking revision of a prior award of custody to the husband.
 We are of the opinion that in the instant case, even though the mother has a valid, outstanding judgment awarding her the custody of the children, by voluntarily surrendering actual custody to the defend-' ant father for more than four years, the burden of proof is on her to show the neces-' sity of a change in the actual custody of the children. The rule of the Pepiton and Hebert cases, supra, is grounded in the desirability of changing the actual custody only where the circumstances clearly dictate the necessity of a change. It is therefore immaterial whether the party who has, for a considerable period of time, had the actual custody of the children, has the legal or actual custody only. The party seeking a change in the living conditions and patterns of the childrens’ lives is the one who should bear the burden of proof.
In the instant case the trial court concluded that the mother had failed to meet that burden of proof and we cannot say that the judgment is incorrect, much less that it is manifestly erroneous.
Considering the lack of due diligence on the part of the mother in enforcing her right to custody, the fact that the children are happily adjusted in a satisfactory environment and the uncertainty inherent in placing them in a new but apparently satisfactory environment, we believe that the initial judgment was properly revised.
The law does not determine custody by mere passage of time and what is considered too long in one case may be found otherwise in the next case, depending on all of the facts and circumstances. But certainly a parent must act with due diligence to avoid being placed within the requirement of this case that regardless of the legal custody, the parent seeking to intrude into the lives of the children and change their actual custody and actual living patterns must justify the intrusion. Plaintiff voluntarily, and apparently without reason, surrendered actual custody to defendant for more than four years. There is no doubt but that the record proves these children have been well cared for, are being properly *428 reared, and have the love and affection of their father and stepmother.
Each case will be determined on its own merits and the welfare of each child given the individual and careful consideration to which it is entitled.
Insofar as this proceeding involves the custody of Donna, it is one for the determination of initial custody. Relying on the satisfactory adjustment already made and the desirability of keeping the children together, we find that the initial legal custody .of Donna should go to the defendant.
.Affirmed.