ELLIS, Judge.
This is a rule brought by plaintiff Barbara N. Estes Jumonville against her former husband, Donald O. Estes, to recover the custody of their two minor children. From a judgment awarding her the custody, defendant has appealed.
The parties hereto were judicially separated on February 25, 1965, and were divorced on May 4, 1965. Each judgment was uncontested by the defendant, and plaintiff was awarded custody in each judgment. Mr. Estes married his second wife on December 10,1965.
On March 27, 1966, plaintiff voluntarily surrendered the custody of the children to defendant. On May 4, 1966, the parties filed a joint motion in which plaintiff alleged that she was unable to provide a proper home for the children, and that the best interest of the children would be served by transferring their custody to defendant until such time as she could provide a proper home for them. Pursuant thereto, the following order was rendered:
“IT IS ORDERED, ADJUDGED AND DECREED that the judgment rendered herein on May 4, 1965, be amended and modified so as to award the care, custody and control of the minor children, Leah Estes and Bryan Estes, to Donald 0. Estes until such time as Barbara Nations Estes can provide a proper home for said children, Barbara Nations Estes is to have the right of reasonable visitation at all times during the time Donald O. Estes has such custody.”
On August 5, 1967, Mrs. Jumonville married her present husband, and, since that time has been in a position to provide a proper home for her children. However, she took no action to regain their *904 custody until June 12, 1969, when the present rule was filed. She explained that in the fall of 1967 she did not want to make the children change schools; in the summer of 1968, she had a baby and was unable to look after the children; in December, 1968, her husband was ill; and in May, 1969, her lawyer was busy. It further appears that she has exercised her rights of visitation faithfully throughout the entire period in question.
We agree with the trial judge that each parent can provide a proper home for the children, and that both of them love their children and are concerned for their welfare.
In rendering judgment, the trial judge said that the judgment of May 6, 1966, reflected that it was the intention of the parties that the transfer of custody be temporary only, and that it had to be given full force and effect. He found that plaintiff had a good and comfortable home, and that she was therefore entitled to the custody of the children.
Defendant contends that, because the children had been in the actual custody of the father for almost three and one half years at the time of the hearing, and for almost two years since plaintiff’s remarriage, that she should be cast with the burden of proving the necessity for a change in custody.
The primary consideration in cases such as this is the welfare and best interest of the children. Ordinarily, one seeking a change in custody bears the burden of proving the necessity for the change. Pepiton v. Pepiton, 222 La. 784, 64 So.2d 3 (1953). In cases in which the custody has been permanently awarded, one seeking to change the custodial award must show not only that the living conditions of the children are detrimental to their best interest, but also that he can provide better and more advantageous living conditions. Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955); Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840 (1969). It has been held that the above burden of proof is not required of one attempting to change an order fixing the temporary custody or an order fixing custody by consent of the parties. Tullier v. Tullier, 140 So.2d 916 (La. App. 4 Cir. 1962); Malpica v. Puig, 166 So.2d 546 (La.App. 4 Cir. 1964). In the latter two cases, the court approached the decisions as though making an initial award of custody, giving preference to the mother.
In this case, the trial court, in addition to holding itself to be bound by the consent judgment, found that the Tullier case, supra, was controlling.
Defendant relies on the case of Duplantis v. Bueto, 186 So.2d 424 (La.App. 1 Cir. 1966). In that case, the mother was awarded custody of the children. When she became unable to care for them because she was ill and financially destitute, the father took the children and kept them for some four and one half years. During the last two years of this time, she was able to provide a home for the children, but made no effort to obtain their physical custody. In that case, the court found that the wife bore the burden of proving the necessity for a change in actual custody, despite the fact that she had a valid, outstanding judgment awarding her legal custody.
Each case of this nature must be decided in the light of its peculiar circumstances and on its own merits. Duplantis v. Bueto, supra.
In the light of the foregoing, we believe the trial judge fell into error when he found himself to be bound by the consent judgment. As pointed out in Malpica v. Puig, supra, such a judgment does not constitute a determination by the court, and should not be accorded dignity as such. We further feel that the failure of plaintiff to attempt to regain custody when she was first in a position to do so forfeits any rights she may have had as a result of the agreement with defendant. *905 Nor are we impressed with her reasons for her failure in this respect. The record shows that she has enjoyed the services of a full time live-in nurse since the birth of her child in June, 1968.
In this case, as in Duplantis v. Bueto, supra, we find that plaintiff must bear the burden of proving that a change in custody is in the best interest of the children. She has not done so. The record shows that the children are happy and well adjusted living with their father, and we can see no reasons for changing the custody under the circumstances presented in this case.
The judgment appealed from is reversed, and there will be judgment herein in favor of defendant Donald O. Estes and against plaintiff Barbara N. Estes Jumon-ville, awarding him the permanent care, custody and control of the two minor children born of their marriage. All costs are to be paid by plaintiff.
Reversed and rendered.