MILLER, Judge.
Plaintiff Virginia Carroll Creed was awarded custody of her three minor children in a preliminary custody hearing pending trial of her divorce suit. Her husband Earl William Moriarty, Jr. appealed. We affirm.
The parties were judicially separated and the mother was awarded custody of all three children by decree signed November 12, 1968.[1] On December 17, 1968, the parties stipulated that:
“During the pendency of the custody hearing in this matter, the defendant in *287 rule, Earl William Moriarty, Jr., is to have the provisional care, custody and control of the minor child, John William Moriarty, subject to reasonable visitation rights on the part of plaintiff, Virginia Carroll.”
On December 22, 1968, the mother was involved in an automobile accident. Both legs were broken. The father took physical custody of the remaining two children.
On December 26, 1968, the father filed a rule suggesting to the Court:
“ * * * that Virginia Carroll Creed Moriarty has been awarded the custody of the minor children in this matter and that the said Virginia Carroll Creed Moriarty is both physically and mentally unfit to care for the minor children and on further suggesting to the Court that in the interest and welfare of the children that this Court should appoint a Doctor or several Doctors to determine Virginia Carroll Creed Moriarty’s condition- and report same to this Honorable Court.”
Several Doctors were appointed and their reports indicate that the mother was a fit person to rear her children. There was no hearing on the rule.
On April 29, 1969 the trial judge on his own motion issued the following order:
“It having come to the attention of the Court that Virginia Carroll is presently recovering from serious injuries received in an automobile accident and is unable to physically care for the minor children who are now in her custody, namely
John William Moriarty Carroll Louise Moriarty Francis Claire Moriarty
and that there is now pending before this Court the question of the permanent custody of said children.
“IT IS ORDERED by the Court on its own motion that the temporary care, custody and control of the minor children,
John William Moriarty Carroll Louise Moriarty Francis Claire Moriarty
is hereby awarded to the father, Earl William Moriarty, Jr., during the pend-ency of these proceedings and until such time as the Court renders a decision on the permanent care, custody and control of said children.”
On June 29, 1969 the trial judge amended the April 29, 1969 order to state that it was his intention to grant the mother full and reasonable visitation rights.
On March 24, 1970, the mother filed suit seeking a divorce based on the judicial separation rendered in her favor together with no reconciliation. She alleged that she had recovered from her injuries and sought permanent custody of her three minor children.
The custody hearing was held May 8, 1970. There was no evidence suggesting that the father was unfit to have custody. The record was left open for the father to submit medical testimony to support his contention that the mother was mentally or physically incapable of caring for the children. No testimony was offered. The trial court found, and we agree, that there is a presumption that the testimony of the examining doctors would favor the mother. The record supports the trial court’s conclusion that the mother is able to properly care for her children. Judgment was signed June 17, 1970 awarding custody to the mother and they have been in her care since that date.
The father applied for a new trial. On July 9, 1970 the trial judge assigned written reasons reviewing the entire record in both suits and denied the father’s application. The trial judge held:.
“This is not a case where the custody of the children was given to the husband originally but in this case, the Court granted the temporary or provisional custody of the children to the father dur *288 ing the convalescent period of the mother following her automobile accident.”
Appellant agrees that the prime and ultimate consideration is the welfare and interest of the children. LSA-C.C. Art. 157. He contends that the party seeking to change the custody bears the burden of proving by a preponderance of the evidence that a change is in the best interest of the children, citing Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955) and many of the cases following that decision. The trial court distinguished these cases for the reason that he had awarded custody to the mother at the judicial separation. The change of custody was only temporary. It made provision for the children during the convalescent period of the mother following her automobile accident. We find no manifest error in that conclusion.
Appellant chiefly relies on Duplantis v. Bueto, 186 So.2d 424 (La.App. 1 Cir. 1966). There the mother had a custody decree but voluntarily surrendered the children to the father. She made no attempt to have the children returned for a period of four and one-half years. She visited the children only irregularly and evidenced “a lack of interest and.concern for the children” during that four and one-half year period. The court found a “lack of due diligence on the part of the mother in enforcing her right to custody,” and awarded custody to the father.
It is on that basis that we distinguish the case. Here the mother sought custody within fifteen months after she was forced to give up physical custody. During most of this time she was convalescing. As soon as she could move around she took part time employment and schooled herself for better employment. The mother visited her children on many occasions even though the father required her to get her attorney to call his attorney to make arrangements for each visit. The father changed his unlisted telephone number and refused to give the new number to the mother.
Another point to bear m mind when considering the Duplantis case is that the trial court was affirmed.
The trial judge has considerable discretion in custody cases and each must stand on its own facts. His decision is entitled to 'great weight as it was he who observed the parties and heard the testimony first hand and has a background of dealing with previous domestic difficulty between the parties. Duplantis v. Bueto, supra.
We do not find error in the trial court’s conclusion that the father had the burden of proving the mother unfit and he did not meet that burden.
The trial court’s judgment is affirmed. Costs are to be paid by defendant appellant.
Affirmed.

. Although the separation suit record was filed in these proceedings, the judgment is not to be found. It must have been signed for the trial judge referred to the judgment in his written reasons, and the arguments concede that the mother was awarded custody in the judgment of judicial separation.