For the reasons assigned, the judgment appealed from is affirmed.

**39 So.2d 338**

**HAWTHORNE v. HAWTHORNE.**
**No. 38770.**

Feb. 14, 1949.

G. P. Bullis, of Ferriday, for appellant.
Smith & Taliaferro, of Harrisonburg, for appellee.

MOISE, Justice.

The defendant appeals from a judgment in a divorce proceeding denying her alimony, both temporary and permanent, and holding that the 17 shares of stock in the Mansura Moss Company, Inc., form no part of the community of acquets and gains.

The divorce proceeding was filed on May 16, 1946. The petitioner alleges that the spouses had lived separate and apart for more than two years, that no children were born of the marriage, and that no community property was acquired. The defendant answered and admitted the separation for the time alleged but averred the existence of a community of acquets and gains. She prayed for alimony during the pendency of the suit and after final judgment of divorce at the rate of $75.00 per month, and likewise prayed for a dissolution of the community. An agreement was entered into between the litigants to the effect that the trial on the merits relating to the divorce be had without delay and that the settlement of the issues of alimony and community property be fixed at a later date. Under this agreement, a judgment of divorce was rendered by the court on July 29, 1946 and reservations were made in conformity with the stipulations heretofore made by the parties. On October 7, 1946, after the final judgment of divorce was rendered, a motion was filed by the defendant for temporary alimony and for an injunction prohibiting the plaintiff husband from disposing of any of the community property. The district court refused to allow alimony.

An examination of the record discloses, when we separate the essentials from the incidentals, that only two questions must be decided: Whether the defendant is entitled to alimony, pendente lite and permanent; and (2) Whether the 17 shares of stock in the Mansura Moss Company, Inc., form a part of the community of acquets and gains.

Alimony pendente lite can not be obtained after a final divorce. Since the court had not been called upon during the pendency of the divorce proceeding to enter any order on the subject, it can not now make such entry, because it is too late. Alimony "pendente lite" or "temporary" alimony means just what the Latin words say —during the pendency of suit. The conditions precedent for the recovery of such alimony are that the wife must be in necessitous circumstances and there must be a suit

pending for separation from bed and board or divorce. In this case the latter condiion precedent is absent and a judgment refusing such an award is in conformity with the law.

The next issue is the one of permanent alimony. This alimony is usually granted at the same time that a judgment of divorce is had, or, in some instances, with the reservation that alimony may be applied for after final judgment. Here the element essential for the obtaining of permanent alimony is that the wife must show that she was free from fault and she must prove her allegations with reasonable certainty. The evidence fails to support her contention. The trial judge found that both parties were at fault in causing the separation. The record bears out his findings and we, therefore, conclude that permanent alimony was properly refused.

The district court decreed that the seventeen shares of stock of the Mansura Moss Company, Inc., form no part of the community. A Ford automobile and certain real property (located in Texas) were declared to be the separate property of the wife. Certain household furniture and fixtures and a small cash balance in bank were decreed to be part of the community, and the plaintiff husband was ordered to pay $150.00 attorney's fees to the defendant's attorney. Only the wife has complained that she was aggrieved by the judgment and only the wife appealed. The husband has not answered the appeal.

The record shows that prior to plaintiff's marriage to defendant in November, 1939, he bought in at public auction for $200.00 plus the assumption of a mortgage indebtedness of $437.00, a moss gin and equipment which he had formerly owned and operated; that he continued to operate this gin after his marriage to defendant; that in 1943 he again became financially involved and a judgement was secured against him; that in order to protect his equity in the gin and equipment, he entered into a partnership, whereby a two-thirds interest therein was transferred to the Mansura Moss Company, Inc., and in exchange for his equity in the gin and equipment, he received from the Mansura Moss Company, Inc., seventeen shares of its preferred stock, and settlement of indebtedness due by him of approximately $3500.00 was effected.

Plaintiff contends that the seventeen shares of stock are his separate property and that they form' no part of the community existing previously between the defendant and himself.

The evidence shows that while plaintiff testified that the property transferred to the Mansura Moss Company, Inc., was the same that he bought before his marriage to defendant, he directly contradicted himself by stating that some of the equipment, tools, etc., that he owned prior to his marriage to defendant had been worn out and lost and replacements were made from time to time during his marriage to defendant and that these replacements were included in the

transfer. A comparison of the deeds contained in the record further shows that there is a difference between the moss gin and equipment transferred in exchange for the seventeen shares of disputed stock in 1943 and that bought before plaintiff's marriage to defendant; that the 1943 transfer included, among other items and equipment, two trucks, an International and a Ford truck; that the International truck, although bought on terms of credit before this marriage, was paid for, as was the Ford truck, during the existence of the community between plaintiff and defendant.

Since it is clear that the gin and equipment transferred to the Mansura Moss Co., Inc., in 1943 was different from the one plaintiff owned at marriage, and since its value was less than plaintiff's debts at marriage, but was $1700.00 more than his debts at the time of the transfer, it is obvious that plaintiff has not discharged the burden of proof to show that the seventeen shares of stock acquired in 1943 were not community property. The law is clear that all property purchased during the existence of the marriage, whether taken in the name of the husband or wife, is community property, unless there is a specific recitation that the purchase was made with separate funds. R.C.C. Art. 2334, as amended; Art. 2404, as amended; Houghton v. Hall, 177 La. 237, 148 So. 37; Cox v. Cox, 193 La. 268, 190 So. 401; Betz v. Riviere, 211 La. 43, 29 So.2d 465.

For the reasons assigned, the judgment appealed from, insofar as it decrees that the seventeen (17) shares of preferred stock owned by plaintiff are his separate property is annulled and set aside and the judgment is amended accordingly, adjudging and decreeing the seventeen (17) shares of preferred stock owned by plaintiff in the Mansura Moss Company, Inc., to be a portion of the community of acquets and gains heretofore existing between the parties and, as thus amended, the judgment of the district court is affirmed; plaintiff to pay all costs.

O'NIELL, C. J., and HAWTHORNE, J., take no part.