**49 So.2d 617**

### CREEL v. CREEL.
#### No. 39503.

Nov. 6, 1950.

Rehearing Denied Dec. 11, 1950.

Edwin F. Gayle, Lake Charles, Benjamin Y. Wolf, New Orleans, for defendant-appellant.

Thos. Arthur Edwards, Lake Charles, for appellee.

McCALEB, Justice.

Plaintiff brought this suit for an absolute divorce under Act No. 430 of 1938 on the ground that he and defendant had been living separate and apart for more than two years. He alleged that he married

defendant at Oakdale, Louisiana on June 3rd 1933; that they moved to Lake Charles in June 1942, where a matrimonial domicile was established and has since been maintained; that they voluntarily separated on November 22nd 1946; that he remained in Lake Charles and defendant went to New Orleans and that they have continuously lived separate and apart since that time.

The defendant answered, admitting the establishment of the matrimonial domicile in Lake Charles, but denied that she and plaintiff had been living separate and apart for two years. She averred that, following a previous separation, she returned to Lake Charles on November 10th 1946, at plaintiff's request, and lived with him there until November 22nd 1946, at which time she was sent by plaintiff (due to their inability to obtain permanent quarters in Lake Charles) to the home of his sister at Lottie, Louisiana where she lived until December 20th 1946 and that, thereafter, she returned to her parents' home in New Orleans where she has since resided. In a supplemental answer, defendant prayed that plaintiff's suit be dismissed as premature and, by way of reconvention, sought a divorce under the 1938 act on the ground that more than two years had elapsed between the date (December 20th 1946) when the real separation occurred and the date (December 31st 1948) of the filing of the reconventional demand. Alternatively, she set forth that, in any event, she was entitled to alimony at the rate of

$20 per week being in necessitous circumstances and because she was without fault in the premises.

After a trial on these issues, there was judgment in favor of plaintiff granting him a divorce and rejecting defendant's demand for alimony as well as her plea in reconvention. She has appealed.

There can be little dispute respecting the salient facts of the case, which we find to be as follows: In 1942, the parties established a matrimonial domicile in Lake Charles and lived there together until December 16th 1945, when defendant deserted plaintiff. Thereafter, suit was brought by plaintiff in the Fourteenth Judicial District Court for a separation from bed and board on the ground of abandonment. Defendant appeared and admitted the allegations of the petition and judgment in plaintiff's favor was rendered on these pleadings and other evidence on March 20th 1946. More than a year later, on March 24th 1947, plaintiff filed a petition for an absolute divorce, alleging that no reconciliation had taken place since the decree of separation from bed and board. This demand was contested by defendant and she filed an answer asserting that she and plaintiff had become reconciled on November 10th 1946, at which time she returned to Lake Charles at his request and lived with him at the home of W. M. Floyd where the marital relationship was reestablished and that, after remaining there for a week, her husband

sent her to Lottie to stay with his sister because of inability to obtain permanent quarters in Lake Charles. Shortly after defendant filed this answer (in which she made a demand for alimony), plaintiff appeared in court and, with defendant's consent, moved and obtained an order to dismiss the suit for final divorce based on one year separation. Subsequently, he was charged and found guilty of non-support of defendant and ordered to pay alimony. Then, on November 29th 1948, he filed this suit for an absolute divorce under the two year law, which defendant is opposing.

The only issue with respect to plaintiff's demand for a divorce is whether it is premature, it being defendant's contention that the parties did not separate until December 20th 1946, when she left his sister's residence to go to her parent's home in New Orleans. She further maintains that she is entitled to a divorce under her reconventional demand, which was filed more than two years after December 20th 1946.

In support of her claim, defendant testified that, after she and her husband became reconciled on November 10th 1946 and were living in the Floyd home, he sent her to his sister's home on November 21st, because he was having difficulty with another woman with whom he had been friendly following the first separation; that he asked her to wait there for him and that he would come and get her as soon as he could; that, while she was staying at his sister's house in Lottie, her husband visited and cohabited with her on two occasions but that he did not bring her back to Lake Charles as he had promised and that, after remaining in his sister's home for four weeks, or until December 20th 1946, she returned to her parents' domicile in New Orleans as she "knew he wasn't going to come after me after I stayed there that long".

The evidence of defendant is not contradicted by plaintiff other than the portion respecting his visits to and cohabitation with defendant at his sister's home in Lottie. He asserts that he and defendant separated on November 21st 1946 at the Greyhound Bus Station in Lake Charles when she went to Lottie to visit his sister; that he brought her to the station; that he knew she was going to his sister's home but that he did not send her there and did not know why she was going. Plaintiff's sister, Mrs. J. E. Prather, testifying in his behalf, affirms the fact that defendant was a visitor in her home from November 21st to December 20th 1946 but denies defendant's statement that plaintiff came to see defendant during that period and she does not know whether there was any trouble between plaintiff and defendant or why defendant was visiting her home.

The testimony of plaintiff and his sister is not impressive. It seems very unlikely that plaintiff is telling the truth when he says that he did not know why defendant went to his sister's house for a visit,

nor does it seem reasonable that Mrs. Prather would accept her sister-in-law into her home for a period of four weeks without any idea as to the purpose of the visit. This is particularly so in view of the fact that plaintiff and defendant had been judicially separated and had but recently become reconciled. But, despite our lack of confidence in the verity of the statements of plaintiff and his sister, we nevertheless cannot say that the trial judge committed manifest error in finding as a fact that plaintiff and defendant had lived separate and apart for two years prior to November 29th 1948, when suit was filed. This is because defendant's statement, respecting plaintiff's visits to and cohabitation with her at his sister's home on two occasions after her departure from Lake Charles on November 21st 1946, is vague in that she is unable to give the dates of the visits. Therefore, it might well have been that the visits occurred prior to November 29th 1946, in which case two full years would have elapsed between the separation and the filing of suit.

■ On the other hand, it is patent that the judge erred in denying defendant permanent alimony on the ground that she was not without fault. So far as the record goes, the only evidence contained therein on the question of fault is that given by the defendant which, as stated above, is that plaintiff sent her to his sister's home to visit temporarily and until such time as he could straighten out matters with the woman with whom he had been associating previous to the reconciliation. Indeed, it is significant that, after defendant had testified concerning the reason for the separation, plaintiff did not see fit to take the witness stand and attempt to rebut her evidence. In fact, his counsel seems to concede that defendant was without fault—for his principal argument is that defendant is without right to alimony because plaintiff has obtained the divorce, even though she is free from fault and in necessitous circumstances.

Obviously, this contention is devoid of merit as Article 160 of the Civil Code, as amended, specially provides that, in cases where a divorce is granted "solely on the ground that the married persons have been living separate and apart for a certain specified period of time, and the husband has obtained a divorce upon the ground of such living separate and apart, and the wife has not been at fault, then the court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income."

■ The case of North v. North, 164 La. 293, 113 So. 852, relied upon by counsel for plaintiff, was decided in 1927, prior to the amendment of Article 160 of the Civil Code by Act No. 21 of 1928, see also Act No. 27 of the Second Extra Session of 1934,

which added the proviso to the Article which we have above quoted.[1]

▮ Under the provisions of Article 160 and the jurisprudence [2] defendant had to show that the separation was not due to her "fault" [3] and also that she was in necessitous circumstances in order to obtain permanent alimony. This she has done by evidence which is unchallenged.

▮ Hence, it remains only to fix the amount of alimony to be awarded.[4] Defendant claims $20 per week which we believe is a modest sum for her support, being less than one-third of plaintiff's admitted earnings amounting to $325 per month.

The judgment appealed from, insofar as it denies defendant's claim for alimony, is reversed and it is now ordered that there be judgment in favor of defendant and against plaintiff for alimony at the rate of $20 per week from the date of finality of this decree and for all costs. In other respects, the judgment is affirmed.

1. Counsel also suggests that the amendment to Article 160 is unconstitutional, but does not inform us of the Section or Article of the Constitution it violates. Suffice it to say that the proposition has no substance.

2. Reich v. Grieff, 214 La. 673, 38 So.2d 381; Hawthorne v. Hawthorne, 214 La. 905, 39 So.2d 338 and Williams v. Williams, 215 La. 839, 41 So.2d 736.

3. But "fault", as used in the statute, connotes misconduct of a serious nature. In the recent case of Felger v. Doty, 217 La. 365, 46 So.2d 300, 301, we said: "Rather,

the word 'fault' as so used contemplates conduct or substantial acts of commission or omission on the part of the wife, violative of her marital duties and responsibilities, which constitute a contributing or a proximate cause of the separation and continuous living apart, the ground for the divorce."

4. We note that plaintiff also demands a fee for her attorney in the amount of $100. This demand has not been argued or briefed in this court and we therefore assume that it has been abandoned.