LE BLANC, Justice.
Plaintiff brought this suit in the District Court seeking a judgment of divorce from his wife, Emma P. Scott, defendant, on the ground of two year separation, under the provisions of Act No. 430 of 1938, Louisiana Statutes Annotated — Revised Statutes 9:301. He filed his suit on March 26, 1949 alleging that he and his wife were separated about the month of April, 1946 as a result of his wife leaving him and that they have never lived together since that date as husband and wife. He further alleged that five children were born of their union.
By amended petition filed April 28, 1949, he alleged that he and his wife separated on or about April 15, 1947; that since the separation a child was born to his wife, which child is not the child of the marriage between them.
In her answer, defendant admitted that she had been living separate and apart from her husband from about April 15, 1947 and admitted that another child, Charles Wesley Scott, was born subsequent to the separation, on November 1, 1947, but denied the *252 remaining allegation to the effect that the said child was not born of their marriage. She further alleged that her husband has refused to provide support for her or the said child, Charles Wesley Scott.
. Assuming the position of plaintiff in re-convention, she alleged that her husband caused her to be committed to the East Baton Rouge Parish jail on the pretense that she was insane. She further alleged that she is entitled to the care, custody and control of the minor children, Luke and Charles Wesley Scott and prays for alimony, both permanent and pendente lite, in the amount of $10 per- week for the support and maintenance of said minor children, and the sum of $10 per week for her support and maintenance.
After trial on the merits, the district judge, on July 7, 1949, awarded judgment in favor of plaintiff, decreeing á divorce a vinculo matrimonii. He further awarded judgment in favor of defendant, plaintiff in reconvention, condemning the plaintiff, Eddie Scott, to pay her alimony for the support of herself and her minor child, Charles Wesley Scott, in the sum of $50 per month, payable every two weeks. He further awarded her the custody of the minor child, Charles Wesley Scott,-but gave the custody of the minor' child, Luke Scott, to the plaintiff. He also awarded judgment in the sum of $100 in favor of defendant, as attorney’s fees.
From this judgment, the plaintiff perfected this devolutive, appeal.
The record shows that on January 31, 1950, Emma P. Scott ruled Eddie Scott into court to show cause why he should not be adjudged in contempt of court for failure to pay the alimony awarded in the judgment of July 7, 1949.
In answer to the rule, Eddie Scott admitted that he had failed to pay the alimony other than $25 but defended his action on the ground that he had been ill and unable to work and further, in reconvention, alleged that no alimony should have been awarded to the wife, Emma P. Scott for herself in the Judgment of July 7, 1949 because she was at fault in causing the separation and therefore the judgment awarding alimony should be reduced accordingly.
Judgment was rendered on April 28, 1950, adjudging Eddie Scott to be in contempt of court and sentencing him to imprisonment in the Parish Prison for a period of ten days, but-suspending said sentence provided he pay in addition to the current $50 per month alimony, previously awarded in the judgment of July 9, 1949, the sum of two and 50/100 dollars per month to be used in reducing the past due alimony, fixed by the judgment at $150. It was further held that the said Eddie Scott was not entitled to a reduction on the alimony judgment.
This case was previously before this court on motion to dismiss the appeal, which motion was denied on November 6, 1950. See Scott v. Scott, 218 La. 211, 48 So.2d 899.
*254 It is the contention of the appellant that the trial judge erred in awarding alimony in favor of Emma Scott for herself because, he contends, the evidence shows clearly that the wife was at fault and therefore not entitled to alimony for herself under Article 160 of the R.C.C., as amended by Acts Nos. 247 of 1916, 21 of 1928, and 27 of the Second Extra Session of 1934. This, concededly, is the sole issue that is presented on this appeal.
The evidence on which we are asked to reverse the trial judge consists of the testimony of the plaintiff, who claims that he was justified in having his wife incarcerated on the ground of insanity because she was constantly causing trouble, and had previously had him committed on the same ground. He further testified that his wife had abandoned him without provocation and that the house was always open to her. The defendant wife testified that when she returned home from jail the plaintiff told her that he'had had her jailed to keep from killing her and cursed her and that she left and never returned. The epithets she says he used in cursing her were sufficient, in our opinion, to provoke her into leaving him. It is significant, we believe, that he did not take the witness stand t.o rebut her testimony.
Two other witnesses testified on behalf of plaintiff but merely confirmed the fact that plaintiff and defendant had separated. Neither pretended to know what caused the separation.
The trial judge did not assign written reasons for judgment but it is clear from the fact that he awarded alimony in favor of the wife' that he found her to be without fault in having left her husband. The issue presented is purely one of fact, and from the evidence in the record, this court would not be justified in reversing the trial judge on the facts as found by him. Under the circumstances, the judgment of the trial court is found to be correct and for the reasons stated it is hereby affirmed at the appellant’s cost.