MOISE, Justice.
This is an appeal by Charles Numa Olivier from a judgment of the district court which awarded to his wife alimony at the rate of $200 per month. Mr. Olivier filed his suit for divorce under the provisions of Act 430 of 1938, LSA-R.S. 9:301 and note, which gives either party to a marriage contract a right to proceed and obtain á divorce if they have lived separate and apart for more than two years. In such cases the wife is entitled to alimony, if without fault in bringing about the separation. In this proceeding she files an answer to the suit of her husband, in which she alleges that she was without fault, and she pleads that by the identical court which rendered this judgment of divorce, she had obtained a judgment of separation of bed and board from her husband with an award of $200 a month alimony. In the divorce proceedings brought by the husband under the Act, supra, he alleges the following grounds to show that the wife was at fault.
It is averred that she committed adultery with a named co-respondent, and it is further charged that his wife frequented gambling houses and was an inveterate follower of the game of chance.
It is shown that the wife did seek amusement by playing games of chance, on some occasions accompanied by her husband, but we do not feel that her action in this respect was sufficient to deprive her of the benefits provided by Article 160 of the LSA-Civil Code.
The proof of the adultery was limited to a named co-respondent, who was the son-in-law of the parties. We1 cannot help but find, as the Court found in Hayes v. Hayes, 225 La. 374, 73 So.2d 179, that the plaintiff’s evidence does not establish the adultery of the wife. His only witness is the co-respondent, and his testimony must have been weighed in connection with the troublesome times that- the co-respondent was having with plaintiff’s family. In fact, the co-respondent was married to plaintiff’s daughter, from whom he later secured a divorce.
Our Court has expressed itself in cases of a like similarity to the suit now on which we have to render a decision. In *530 Estopinal v. Estopinal, 223 La. 485, 66 So.2d 311, in giving consideration to the testimony pf a .co-respondent, we said:
“The only direct proof of the adultery charged came from the lips of the co-respondent, one Frederick Turpin, whose, testimony is strongly assailed by counsel for defendant. * * * Such testimony is generally considered to be of a rather reprehensible nature and the general rule is that it should be weighed with great caution before being accepted as true.”
This is not only a humanitarian doctrine where the chastity of a woman is at stake, but it is the most sensible rule of guidance to be followed by a court of justice.
Again, in Clark v. Clark, 207 La. 606, 21 So.2d 758, 760, we said:
“ * * * that while a corespondent is not disqualified by law from testifying with reference to his intimacies with the erring spouse, the statements made by him must be corroborated and weighed with great caution before being accepted as true.”
There is no strong corroborative testimony as to the guilt of the wife. The object of every judicial investigation is the ascertainment of truth. The evidence is the means by which that is effected. It variously adjusts itself to perform its task by certain and direct means. Some things will be self-evident; others will be proven by the. senses; but there are other subjects which address themselves to no probable standard of truth but from human experience of human motives. We look in all cases. at the influences which have surrounded our, fellows, and then we sound their hearts by the plummets which we apply to our own.
For the- preservation of female chastity, a court of .justice must be guided by only clear cut evidence where the conclusion of guilt becomes irresistable. One may have; a suspicion of guilt; let it arise to the highest degree of suspicion, it is nonetheless suspicion still.
This Court has a rule, which is but a splendid affirmation in determining evidence taken by another court, that where the judge has seen, has heard, and has observed the witnesses and the many things that transpire in a courtroom which are not susceptible of being taken down by a stenographer, that his judgment on a question of fact will never be disturbed unless manifestly erroneous. Rosenthal v. Gauthier, 224 La. 341, 69 So.2d 367; Nalty v. Nalty, 222 La. 911, 64 So.2d 216; Moser v. Moser, 220 La. 295, 56 So.2d 553.
We cannot, therefore, say, from the evidence, that the conclusion of the District Judge was manifestly erroneous.
Judgment affirmed.
McCALEB, J., concurs with written reasons.