106 So.2d 707

Robert W. KENDRICK

v.

Marcelle DUCONGE, Wife of Robert W. KENDRICK.

No. 44021.

Nov. 10, 1958.

Rehearing Denied Dec. 15, 1958.

John E. Jackson and Baldwin J. Allen and John E. Jackson, Jr., New Orleans, for plaintiff-appellant.

Leo L. Dubourg, New Orleans, for defendant-appellee.

TATE, Justice.

Plaintiff husband obtained judgment of divorce on the ground of continuous separation for over two years (LSA–R.S. 9:301). He appeals, however, from the award of alimony to his wife. His appeal questions solely the wife's right to alimony (neither party questioning the amount awarded if allowable), and the factual thrust of his argument is that the appellee wife was not herself free from fault

in the separation as required by LSA–Civil Code, Article 160, which provides that alimony shall be awarded a wife (where the husband has been granted a divorce upon the ground of continuous separation as in the present case) only where "the wife has not been at fault."

In previous litigation, we affirmed the dismissal of the wife's suit for divorce on the ground of adultery. Kendrick v. Kendrick, 232 La. 1104, 96 So.2d 12. The decision held that the wife's charge of adultery, based upon the husband's frequent visits in the home of an unmarried female friend of long standing, was not proved by a preponderance of the evidence.

In exoneration of the fault charged against her by the husband—her moving upstairs to a separate bedroom in the family home and her subsequent removal to a separate apartment[1]—, the defendant wife relies upon testimony (contradicted by the husband) that after the marriage in 1954 the husband continued to visit several times a week the home of his lady friend who lived alone, as well as testimony as to his unreasonable jealousy concerning herself. The defendant wife further testified that the reason she and her husband finally separated in October of 1955 was that he was "still carrying on with this friend."

We are unable to say that the trial court erred in accepting the testimony educed on behalf of the wife as against the opposing evidence offered by the husband. The factual conclusions of the trier of fact are entitled to great weight and should not be disturbed upon review in the absence of manifest error, especially when based upon an evaluation of the credibility of opposing witnesses. Jones v. Jones, 232 La. 102, 93 So.2d 917; Olivier v. Abunza, 226 La. 456, 76 So.2d 528, 529.

We are further unable to say that the wife was at fault because, resenting the attentions her husband continued to pay to the other women despite her remonstrances, she separated from her husband. Cf., Williams v. Williams, 215 La. 839, 41 So. 2d 736. Where the husband's fault provokes the wife into terminating the marital relationship, she is considered to be herself free from fault within the meaning of LSA–Civil Code, Article 160 for purposes of awarding alimony. Scott v. Scott, 221 La. 249, 59 So.2d 179; Creel v. Creel, 218 La. 382, 49 So.2d 617; Felger v. Doty, 217 La. 365, 46 So.2d 300.

1. The undenied evidence indicates that, after such moves by the wife, the husband continued to live with her as man and wife, which continuance of the marital relations after such fault by the wife might be considered a condonation thereof. Humes v. McIntosh, 225 La. 930, 74 So.2d 167; Meyer v. Hackler, 219 La. 750, 54 So.2d 7; cf., LSA–C.C. Arts. 152–154.

 Thus, we cannot accede to the argument of able counsel for the husband-appellant that the wife is not entitled to alimony because she was not totally blameless in the marital discord. Fouquier v. Fouquier, 231 La. 430, 91 So.2d 591; Hawthorne v. Hawthorne, 214 La. 905, 39 So. 2d 338. For to constitute fault within the meaning of LSA–Civil Code, Article 160, the wife's misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation rather than a justifiable or natural response to initial fault on the part of the husband. Davieson v. Trapp, 223 La. 776, 66 So.2d 804; Felger v. Doty, 217 La. 365, 46 So.2d 300; see also Scott v. Scott and Creel v. Creel, above cited.

For the reasons assigned, the judgment of the District Court is affirmed.

Affirmed.

PONDER, J., absent.

FOURNET, Chief Justice (dissenting).

The defendant wife, having been divorced by her husband on the sole ground that the parties had been living separate and apart for a period of more than two years, is not entitled to alimony unless it is proved that she "has not sufficient means for her maintenance" and "has not been at fault." In such a case, "the Court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income." Article 160 of the Louisiana Civil Code. The burden of establishing the fact that she was free from fault rests upon the defendant wife in such cases, and she is required to prove her allegations with reasonable certainty. Hawthorne v. Hawthorne, 214 La. 905, 39 So. 2d 338.

The evidence in this case, in my opinion, falls far short of the proof required to establish that the defendant wife was not at fault in causing the marital discord that culminated in the separation that led to this divorce.

I, therefore, respectfully dissent from the majority view.