PICKETT, Judge.
This suit arose out of a collision between two automobiles, a 1967 Chevrolet owned by W. L. Ewing and being driven by his son, Allen Joe Ewing, the sole occupant, and a Volkswagon owned and being driven by Jerry Gordon Politz, the sole occupant.
The plaintiffs are Pete John Politz and his wife, Ruby Poe Politz, the parents of Jerry Gordon Politz, who was killed as a result of the accident. The defendants are W. L. Ewing, individually and as the administrator of the estate of his minor son, Allen Joe Ewing, and Traders & General Insurance Company, the liability insurer of W. L. Ewing and the Chevrolet automobile involved in the accident. The plaintiff, Pete John Politz, demands damages for the loss of love and companionship of the decedent, funeral expenses, and property damages to his automobile involved in the accident. The plaintiff, Ruby Poe Politz, mother of the decedent, demands damages for the loss of the love and affection of her deceased son. The trial court rejected the demands of the plaintiffs and dismissed their suit at their costs. The plaintiffs have appealed devolutively.
The Employer’s Liability Assurance Corporation, the insurer of the Volkswagon involved in the accident, as the subrogee of Jerry Gordon Politz, intervened to recover the sum of $1,350.00 from defendants, for which sum it was liable under the provisions of its policy of insurance. However, the trial court does not appear to have acted upon the intervention. Therefore, the intervention is not at issue in this court.
The evidence shows that the accident which gave rise to this litigation occurred at approximately 1:45 A.M. on August 4, 1969, on Louisiana Highway Number 22, in Tangipahoa Parish, Louisiana, at the intersections of the John Wild Road and River Road. Highway No. 22 is a two-lane highway paved with concrete, and at the place where the accident occurred runs generally in an easterly-westerly direction. It is straight and level. The John Wild Road is a local black top road which runs generally in a south to north direction, and intersects Highway No. 22 on the south side. The River Road is also a local road *561 which intersects Highway No. 22 on the north side, only a few feet east of the intersection with the John Wild Road. At the time of the accident, the weather was clear.
The only eye witnesses to the accident were the occupants of the two automobiles involved. Unfortunately Allen Joseph Ewing, the driver of the 1967 Chevrolet automobile, was the only survivor of the accident. He testified that immediately prior to, and at the time of the accident he was proceeding in a westerly direction in the West bound traffic lane of the highway. When he reached a point approximately at the intersection with the John Wild Road the Volkswagon, driven by Jerry Gordon Politz, suddenly loomed up in front of him, possibly fifty feet away, and he said that he did not have time to take evasive action. He said he did not know where it came from, but it was his opinion it came out pf the John Wild Road. He said he hit the Volkswagon on the right front side. His vehicle veered to the left across the east bound traffic lane and rolled into a ditch by the side of the highway and came to rest facing west. The Volkswagon spun around and came to rest in the west bound traffic lane, facing in a southeasterly direction. After the collision he ran to the Volkswagon to see if anyone was hurt; but he could not open the door. He then went to the home of Ralph H. Barron, located in the Southeast quadrant of the intersection of the John Wild Road with Highway No. 22. Mrs. Ruth W. Barron came to the door, and he told her there had been a bad accident, and he asked her to please get help. He then went back to the car; and by that time someone began putting out flares, and directing traffic. Mr. Ewing testified positively and repeatedly that the actual impact of the vehicles occurred in his right west bound traffic lane.
Sergeant Lawrence A. Pecoraro of the Louisiana State Police investigated the accident. By agreement of counsel his deposition was filed in evidence. He testified that on August 4, 1969, he investigated an accident on Louisiana Highway 22, that occurred east of Ponchatoula, Louisiana, at the intersection of the John Wild Road and River Road. He said Louisiana Highway No. 22 is a main two-lane concrete highway running generally in an easterly-westerly direction. He was informed of the accident at 2:08 a.m. and he arrived at the scene of the accident at approximately 2:50 a.m. When he arrived at- the scene of the accident, the drivers of both of the vehicles involved had been carried to the hospital. He identified the two vehicles involved in the accident to be a 1967 Chevrolet Sedan and a 1967 Volkswagon. He found the Chevrolet in a ditch on the south side of Highway 22 headed in a westerly direction, and the Volkswagon was on the west bound traffic lane headed south. Sergeant Pecoraro stated the actual collision occurred in the west bound traffic lane. He said the major damage to the Chevrolet was on the front; and the main damage to the Volkswagon was on the passenger side. Sergeant Pecoraro questioned Allen Joseph Ewing at the hospital, and Ewing told him that: “The Volkswagon came out of the side road.” He testified further that from his examination of the physical facts, he did not find anything that caused him to believe that the accident could have occurred in any other way. Sergeant Pecor-aro, also, said he made a very diligent effort to find other witnesses to the accident, but found none except the drivers of the vehicles involved.
Mrs. Ruth W. Barron testified that her home is located in the southeast quadrant of the intersection of the John Wild Road and Louisiana Highway No. 22, and that she was residing there on August 4, 1969. She said that in the early morning of August 4, 1969, she was awakened by the noise caused by the collision near her home. Mrs. Barron said she immediately turned her air conditioner off so that she could hear; and went to the front door. When she opened the' door, she saw a young man, whose face was covered with blood, standing at the door. She identified *562 him as Allen Joseph Ewing. He informed her that a serious accident had occurred, and asked her to get help. He said he did not know how many people were in the other vehicle, but he knew they were seriously hurt. When Mrs. Barron asked him what had happened, he replied, “they just turned in front of me.”
Alvin Doyle, Jr., an automotive consultant and photographer, examined the scene of the accident, and testified at length concerning the scene of the accident and his examination of the vehicles involved in an effort to reconstruct how the accident happened. Mr. Doyle took a number of photographs of the damaged portions of the vehicles involved in the accident. Based on his examination of the accident scene, and measurements of the damaged portions of the vehicles, Mr. Doyle theorized that the accident was a frontal collision that took place in the east bound traffic lane. An examination of P-46 and P-47, photographs of the Chevrolet filed in evidence, indicates that the entire front of the Chevrolet was subjected to a severe impact. On the other hand an examination of P-27 and P-29, photographs of the front portion of the Volkswagon shows that the front bumper appears to have received little or no damage. P-27 shows the right front wheel flange is bent back and that the right front side of the Volkswagon is crushed in, particularly the right front windshield post. The left side of the Volkswagon, as disclosed by P-30 shows very little damage as compared to the right side of the vehicle. Our examination of the photographs filed in evidence tends to support the contention of the defendants that the Chevrolet automobile struck the Volkswagon in the “broadside”, as stated by Allen Joseph Ewing.
Counsel for the plaintiffs has pointed out a bleached area extending across the highway at the accident scene. Samples of concrete scraped from this area were analyzed chemically by Victor J. Blanchard III, an expert chemist, who testified that the sample taken from the south side of the road contained 440 parts per million sulphate and that the sample taken from the north side of the road contained 236 parts per million of sulphate, whereas, a sample of the concrete scraped from an area of the road that was not bleached contained only twenty-one parts per million of sulphate. He said the analysis indicated that sulphuric acid had been spilled on the highway in the bleached-out area. Counsel for plaintiffs argued that the battery on the Volkswagon contained sulphuric acid; and that when the battery was crushed in the collision the acid spilled on the highway and caused the bleached area on the highway. However, this argument is based on the assumption that the Volkswagon battery contained sulphuric acid which spilled on the highway at the time of the collision. No one testified positively that the bleached streak in the highway resulted from this collision. It could have been there prior to the August 4, 1969 accident, or it could have occurred after that date and prior to the initial inspection of the area by Mr. Doyle. The argument is too speculative to overcome the positive evidence of Sergeant Picoraro and Allen Joe Ewing that the collision occurred in the west bound traffic lane.
Having carefully considered all of the evidence in this case and the argument of counsel we find it is more probable than not that the collision occurred in the west bound traffic lane. It is the law and well settled jurisprudence of this State that the driver of the vehicle determined to be in the wrong lane of travel is presumed to be negligent, and he has the burden of showing that the collision was not caused by his negligence, or that there were justifiable circumstances excusing his conduct. See Noland v. Liberty Mutual Insurance Co. 232 La. 569, 94 So.2d 671; Daniel v. Reed, 137 So.2d 645 (La.App. 1st Cir. 1962); Bailey v. National Surety Corp., 149 So.2d 669 (La.App. 1st Cir. 1963), and Wishom v. Ford Motor Company, 256 So.2d 298 (La.App. 1st Cir. 1971.)
*563 The trial judge found as a fact that the defendant, Allen Joseph Ewing, the driver of the Chevrolet, was not negligent, and in his written reasons for judgment he said he found the testimony of Mr. Ewing to be extremely impressive and convincing. It is well settled in our jurisprudence that factual findings by the' trial court, especially when the credibility of witnesses are involved, are entitled to great weight, and should not be disregarded upon review by the appellate court in the absence of manifest error. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707 (1958); Readco Industries, Inc. v. Myrmax Specialties, Inc., 236 So.2d 573 (La.App. 1st Cir. 1970); and Dupree v. Wyatt, 255 So.2d 425 (La.App. 4th Cir. 1971). We find no such error in this case; and concur in the conclusion of the trial court that plaintiffs have failed to prove by a preponderance of the evidence that the collision was caused by the negligence of Allen Joseph Ewing.
For the above and foregoing reasons, the judgment of the lower court dismissing plaintiffs’ demands is affirmed at plaintiff s-appellants’ costs.
Affirmed.