428 So.2d 486 (1983)
Rudolph F. TADDONIO, Jr.
v.
Sherdeane KINNEY-TADDONIO. (Two cases)
No. 13274, CA-0261.
Court of Appeal of Louisiana, Fourth Circuit.
Order February 28, 1983.
Opinion March 4, 1983.
Robert C. Lowe, Terence L. Hauver, Sessions, Fishman, Rosenson, Boisfontaine & Nathan, New Orleans, for defendant-appellant.
Anthony L. Glorioso, New Orleans, for plaintiff-appellee.

ORDER
These cases having been consolidated by Order of the supreme court of February 11, 1983, 429 So.2d 442, and ordered heard and decided expeditiously; and the February 23 Order of the supreme court, 431 So.2d 412, amending the February 11 Order now leaving nothing to be decided in the first appeal, No. 13274, 422 So.2d 1282, originally assigned to Judges Redmann, Gulotta and Schott, so that no injustice is done to any litigant by not including one of those judges on the panel to which the consolidated appeals are assigned;
And the second appeal, No. CA-0261, having already been heard on January 31 before Judges Redmann, Gulotta and Klees, and an opinion in that appeal having been *487 circulated prior to the supreme court's order of consolidation;
And it being evident that the supreme court's express order for expedition would result in delay rather than expedition if these matters were re-set for oral argument when only the issues of the second appeal remain and they have already been argued to Judges Redmann, Gulotta and Klees as aforesaid:
IT IS ORDERED that these consolidated cases are assigned to the panel of Judges Redmann, Gulotta and Klees for expeditious decision, without the necessity of re-hearing oral argument.

OPINION

FACTS
Plaintiff and defendant were married in April, 1975 in Alabama and, subsequently, moved to New Orleans, Louisiana. On April 18, 1980, the plaintiff, Dr. Taddonio, left the matrimonial domicile. In May of 1980, he filed suit for separation from bed and board alleging cruel treatment by his wife of such a nature as to render their living together unsupportable. The defendant, Sherdeane Kinney-Taddonio, reconvened seeking a separation based upon cruel treatment, abandonment and adultery.
In his petition, Dr. Taddonio alleged cruel treatment in that his wife had refused to engage in any conjugal relations for a period of nine to ten months prior to his departure from the marital domicile. The evidence at trial proved to the court's satisfaction that Mrs. Taddonio did deny her husband sexual relations during the nine or ten months prior to their separation. The trial judge, in his Reasons for Judgment, stated he believed that Mrs. Taddonio persisted in this denial without justification.
The trial court also found that Dr. Taddonio was at fault because of his extramarital affair with the wife of one of his colleagues. Therefore, the trial court held that both parties were at fault in the initial separation to such a degree that either of them would be entitled to a judgment of separation against the other.
Mrs. Taddonio appeals contending that the trial judge was manifestly erroneous in finding her at fault for the initial separation. We can find no manifest error and accordingly affirm.

FAULT ISSUE
The trial court found the parties to be mutually at fault in the separation. The specific, and only, fault which the trial judge assessed to the defendant, was that she did deny her husband sexual relations during the nine or ten months prior to their separation.
A determination of her fault is based upon the factual findings of the trial court, and the determination will not be disturbed absent manifest error. Pearce v. Pearce, 348 So.2d 75 (La.1977); Morgan v. Morgan, 260 So.2d 336 (La.App. 4th Cir. 1972). An examination of the record indicates that the trial court's specific finding that the wife unjustifiably denied her husband sexual relations is supported by the evidence.
Dr. Taddonio testified that his wife had refused to engage in sex with him for nine months prior to their separation. Mrs. Pat Blanchard, a neighbor and close friend of the Taddonios, testified concerning the marital problems between the plaintiff and the defendant. Mrs. Blanchard stated that Mrs. Taddonio told her that it had been nine months to a year since she (Mrs. Taddonio) had sex with her husband. Mrs. Taddonio also related to Mrs. Blanchard that she was having problems and was not interested in sex at all.
In addition to the testimony, Dr. Taddonio introduced into evidence a letter dated May 22nd, 1980, which was written to him by his wife. In this letter, Mrs. Taddonio refers to "problems" existing between her and her husband for the ten months prior to the date of the letter. Although the letter did not specifically refer to any sexual problems, the trial court viewed the letter as damaging to Mrs. Taddonio because she mentioned the same time period referred to by Dr. Taddonio in his petition for separation.
*488 The allegation that she refused to have sex with her husband was denied by Mrs. Taddonio. She testified that she and her husband engaged in sexual intercourse on numerous occasions throughout 1979, and that she had attempted to engage in sexual relations with her husband after January, 1980, but without success.
The trial court chose to believe the testimony of Dr. Taddonio concerning the denial of sexual relations. In its Reasons for Judgment, the trial court stated that the proof offered by Dr. Taddonio was adequate. In reaching this decision, the trial judge stated that he relied heavily upon the testimony of Mrs. Blanchard and upon the letter which Mrs. Taddonio had written to her husband.
La.Civ.Code art. 141 which authorizes a separation in cases of mutual fault presupposes that each party has committed fault constituting an independent ground for separation under La.Civ.Code art. 138. Dixon v. Dixon, 357 So.2d 856 (La.App. 4th Cir.1978). To be considered as fault, the spouses' conduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707 (La.1958). The denial of sexual intercourse to one's spouse unjustifiably and persistently constitutes ill treatment within the meaning of C.C. art. 138 and is a legal ground for separation. Phillpott v. Phillpott, 285 So.2d 570 (La.App. 4th Cir.1973), writ refused 288 So.2d 643 (La. 1974). See also Von Bechman v. Von Bechman, 386 So.2d 910 (La.1980).
The defendant contends that the evidence adduced at trial did not show that she persistently and unjustifiedly refused to engage in sexual relations with her husband. The jurisprudence of Louisiana wisely does not enunciate a rule for the minimum frequency of sexual intercourse required to constitute cruel treatment. Each case must of necessity be judged on its own merits. The evidence at trial indicates that Mrs. Taddonio refused her husband sex for a minimum period of nine months. Also, the record is absent any justification for the actions of Mrs. Taddonio. The record clearly reflects that Mrs. Taddonio did not have knowledge of her husband's extramarital affair until April of 1980.
Though a factual dispute exists in the record regarding the wife's refusal of sexual relations, the trial judge chose to believe the husband's testimony. In the area of domestic relations, much discretion must be vested in the trial judge particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. Pearce v. Pearce, supra. The factual findings of the trial court are to be accorded substantial weight on review Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4th Cir.1976).
Our examination of the totality of the circumstances in the case leads us to conclude that the trial court's findings that the wife unjustifiably denied her husband sexual relations is supported by the evidence.
For the foregoing reasons, the judgment of the trial court in Case No. CA-0261 is affirmed at appellant's costs.
In Case No. 13274, consolidated with this matter, the trial court's judgment has in effect been affirmed by the Supreme Court.[1]
AFFIRMED.
NOTES
[1] 431 So.2d 412 (1983)

"February 23, 1983
Rehearing Granted. Earlier action of this Court is amended to read as follows:
Writ Granted. The ruling of the Court of Appeal [412 So.2d 1282] is set aside only insofar as it reverses the trial court judgment awarding alimony pendente lite and insofar as it remands to the trial court "for the purpose of setting after divorce alimony under La.C.C.Pr. art. 160 pending a final determination of the fault question." The case is remanded to the Court of Appeal for consolidation with the appeal in the separation suit involving these parties. The hearing and opinion in the consolidated appeal is ordered expedited.
FAB, JAD, PFC, WFM, JLD
WATSON, & LEMMON, JJ., dissent."