ARMSTRONG, Judge.
Plaintiff, Margie Bartholomew, appeals from a judgment of separation from bed and board finding both she and defendant, James Bartholomew, at fault. James Bartholomew did not appeal or file an answer to his wife’s appeal. We now reverse.
Margie Bartholomew filed suit for separation on March 2, 1990, alleging nonsupport and cruel treatment. James Bartholomew filed a similar suit on March 8, 1990 alleging abandonment and cruel treatment.
The parties were married in 1954. At the time of the trial, Margie, age 53, and James, age 59, had been married thirty-six years. Two sons were born of the marriage; at the time of trial in June 1990 they were ages 35 and 33. At some point in 1989, it is not clear exactly when, James Bartholomew began accusing his wife of having an affair.
James testified that he believed Margie was having an affair because she left him for a month-and-a-half to stay with her sick mother. He said she did not call him or come to visit him during that period. Margie also used to go out dancing with her sisters, brothers and the couple’s sons. Margie testified, and James admitted, that he used to go out dancing without his wife. James eventually moved out of the marital bedroom and began, sleeping on the sofa because of his belief that Margie was seeing another man. He stated that he had not slept with his wife for seven months prior to their separation on February 28, 1990.
On December 20, 1989, Margie left the marital abode to spend Christmas with the couple’s sons, both of whom reside in Marrero, Louisiana. She asked plaintiff to come along but he refused to go, apparently because he did not want to be with her. She visited the house on one occasion for a couple of hours, but did not return to live until January 15, 1990. After Margie left to spend Christmas with the couple’s sons, James stopped giving her money. The last money he gave her was for the December installment payment on her automobile. He attempted to cancel all of her credit cards but apparently she re-opened some accounts. Margie had never worked because, as James admitted, he did not want her to do so. Margie left the matrimonial domicile for good on February 28, 1990.
The trial court gave no reasons for its finding Margie at fault. A determination of fault is factual finding which will not be disturbed unless the record evidence furnishes no basis for it, or it is clearly wrong. Pearce v. Pearce, 348 So.2d 75 (La.1977); Taddonio v. Kinney-Taddonio, 428 So.2d 486 (La.App. 4th Cir.1983); Morgan v. Morgan, 260 So.2d 336 (La.App. 4th Cir.1972). To constitute fault under La. C.C. art. 112 a wife’s misconduct must not *824 only be of a serious nature, but must also be an independent contributory or proximate cause of the separation. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707 (1958). A wife is not deprived of alimony after divorce simply because she was not totally blameless in the marital discord. Pearce v. Pearce, supra; Adler v. Adler, 239 So.2d 494 (La.App. 4th Cir.1970), writ denied, 257 La. 168, 241 So.2d 530 (La.1970).
The grounds alleged by James Bartholomew in his petition were abandonment and cruel treatment. To constitute fault, the cruel treatment or excesses must be of a nature which compel a separation because the marriage is insupportable. Brewer v. Brewer, 573 So.2d 467 (La.1991). Although James made vague references to Margie’s absences from the matrimonial domicile, the evidence shows only two specific absences, when her mother was sick and Christmas of 1989. The first absence was out of necessity, the second was insufficient to render the couple’s living together insupportable. Nothing in the record suggests that Margie Bartholomew was guilty of cruel treatment or excesses of the type rendering the marriage insupportable.
Margie Bartholomew admittedly left the matrimonial domicile on February 28, 1990, never intending to return, as evidenced by her filing of suit for separation on March 2, 1990. See Schirrmann v. Schirmnann, 436 So.2d 1340 (La.App. 5th Cir.1983), writs denied, 440 So.2d 761 & 764 (La.1983). A finding of fault on the basis of abandonment is warranted only if the party leaving the matrimonial domicile withdrew without lawful cause. Brown v. Brown, 285 So.2d 858 (La.App. 4th Cir. 1973); Langton v. Langton, 442 So.2d 1308 (La.App. 3rd Cir.1983); Quinn v. Quinn, 412 So.2d 649 (La.App. 2d Cir.1982), writs denied, 415 So.2d 941 & 945 (La.1982). We presume the trial court found no lawful cause for Margie’s withdrawal from the matrimonial domicile.
James Bartholomew testified that he had not slept in the same bed as Margie for seven months prior to her withdrawal from the matrimonial domicile. He told her he did not want to have sex with her because “[he] had “deep in [his] mind that [she] had another man.” He continually accused Margie of having an affair. There is no evidence to support such a belief. James’ testimony at trial consisted of vague and unsupported allegations. He admittedly stopped giving her money after December 1989. He admitted to his son Glenn that he was trying to make Margie jealous. He told his other son Welton on a number of occasions that he wanted to divorce Margie. Margie testified that James had told her he wanted a divorce. All of these factors together amount to just cause for Margie leaving the matrimonial domicile. All of these excesses, taken together, rendered living with James insupportable.
The trial court’s finding of fault on the part of Margie Bartholomew was clearly wrong.
For the foregoing reasons, we reverse the judgment of the trial court insofar as it found fault on the part of Margie Bartholomew. We affirm the judgment of the trial court in all other respects. We remand this matter for a determination of any permanent alimony to be awarded Margie.
REVERSED AND REMANDED.